UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERICA GIBSON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 2:17-CV-01792-KOB |
| BIRMINGHAM CITY SCHOOLS, | ] |
| et al., | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This matter comes before the court on the Defendant Birmingham Board of Education's motion to dismiss. (Doc. 40).

Plaintiff Erica Gibson contends that her son, Adam, a high school student, had to withdraw from school after a police officer physically assaulted him at school and students and teachers harassed him. She brings several constitutional and state law tort claims on her son's behalf against the Board, the City of Birmingham, and two Birmingham police officers. The Board contends that it is not a proper defendant in this case because its state constitutional immunity protects it from Ms. Gibson's state law claims and she has failed to state a plausible claim that the Board denied Adam any constitutional right. For the following reasons, the court agrees and will GRANT the Board's motion to dismiss.

1

**I.     STANDARD OF REVIEW**

A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the court accepts as true the factual allegations in the complaint. *Id.*

But not all allegations can defeat a motion to dismiss. "[L]abels and conclusions" and speculation "will not do." *Twombly*, 550 U.S. at 555. So, the court will look only at well-pled *facts*, and if those facts, accepted as true, state a plausible claim for relief, then the complaint will survive the motion to dismiss. *Iqbal*, 556 U.S. at 678.

**II.    FACTS**

As it must do at the motion to dismiss stage, the court accepts the following facts alleged in Ms. Gibson's amended complaint as true.

Adam, a student at Huffman High School in Birmingham, Alabama, entered

the lunch room at school wearing a hat.  Defendant Officer Polk, a police officer for the City of Birmingham and a school resource officer assigned to the school, told Adam to give him the hat.  Adam did as instructed and Officer Polk told him that he would not get the hat back.  When Adam asked why, Officer Polk asked Adam to follow him.

Officer Polk led Adam to the school's "resource room," an unused office.  Officer Polk asked a janitor for the keys to the resource room, led Adam into the room, and locked the door behind them.  Officer Polk then punched Adam in the face, grabbed him by the throat, pushed him over the back of a chair, and held him in a choke hold.

Defendant Officer Mason, another police officer for the City of Birmingham and a school resource officer, knocked on the door and called out to Officer Polk to open the door.  Officer Polk released Adam and opened the door.

Officer Mason entered the resource room and saw that Adam was crying and had a swollen and bleeding neck.  Officer Mason radioed to another officer and escorted Adam to the principal's office.

The principal called an ambulance for Adam.  Paramedics, other police officers, and Ms. Gibson then arrived at the school.  The police sergeant told Ms. Gibson that the police were going to charge Adam with disorderly conduct and instructed her to bring Adam to the police station the next day.  The amended

complaint does not state whether the police ever charged Adam or took him into custody.

At some point, "Adam returned to a hostile environment" at the school. (Doc. 27 at ¶ 38). Ms. Gibson alleges that "[s]tudents were hassling him and calling him a snitch. Even teachers from the school were posting negative comments about Adam on social media. Ultimately, Adam was forced to withdraw from school." (*Id.*). Ms. Gibson also alleges that no entity reprimanded Officer Polk and that Officer Polk returned to the high school a week after the incident.

## III. DISCUSSION

Ms. Gibson's amended complaint presents a classic "shotgun pleading" in that it contains "multiple counts where each count adopts the allegations of all preceding counts" and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). In it, she brings an assortment of constitutional and state law claims. (Doc. 27). Like other shotgun pleaders, Ms. Gibson leaves the court to discern, as best as it can, which actions and policies she alleges specifically against the Board.

And the court must first correct an error in Ms. Gibson's amended complaint

and clarify the proper name for the Board. Ms. Gibson names both the "Birmingham Board of Education" and "Defendant Birmingham City Schools ('Defendant School Board')" as separate defendants. (Doc. 27 at ¶¶ 9–10). Because she mostly does not differentiate between defendants in her listed counts, she leaves the court to speculate as to why she named both parties—both called the "Board" and the "governing body for the Birmingham City Schools"—as defendants.

But the Birmingham Board of Education, not "Birmingham City Schools," is the legal entity subject to suit. *See* Ala. Code § 45-37A-50.01. So, to the extent that "Birmingham City Schools" is a defendant, the court will dismiss with prejudice all claims against "Birmingham City Schools" and direct the clerk to terminate that named party as a defendant.

The court turns next to the sufficiency of Ms. Gibson's claims against the Board.

### A. State Law Claims

Ms. Gibson brings four state law claims against the Board that the court will dismiss on the grounds of immunity: outrage, assault and battery, "negligent and/or wanton hiring, training, and/or supervision," and "harassment and retaliation." (Doc. 27 at 8–10, 12–15).

The Alabama constitution provides that "the State of Alabama shall never be

made a defendant in any court of law or equity." Ala. Const. § 14. And the Alabama Supreme Court has held that this absolute immunity extends to state law tort claims brought against a local school board, because "[l]ocal school boards are agencies of the State, not of the local governmental units they serve." *Ex parte Bessemer Bd. of Educ.*, 68 So. 3d 782, 789 (Ala. 2011) (citing *Ex parte Hale Cty. Bd. of Educ.*, 14 So. 3d 844, 848 (Ala. 2009)). So, the court will dismiss Ms. Gibson's state law claims against the Board—outrage, assault and battery, negligence, wantonness, and "harassment and retaliation"—based on the Board's state constitutional immunity.

### B. <u>Constitutional Claims</u>

Ms. Gibson also brings constitutional claims under 42 U.S.C. § 1983 against the Board for false arrest, false imprisonment, and excessive force in violation of Adam's Fourth Amendment rights, and for violation of Adam's Fourteenth Amendment rights to due process and equal protection. (Doc. 27 at 7–8, 10–12). The court will dismiss these claims for lack of any action or policy attributable to the Board.

To establish a § 1983 claim, a plaintiff must prove "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). And though a municipal

school board may not be held liable for the constitutional violations committed by its agents under a theory of *respondeat superior*, it may be held liable "if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1263 (11th Cir. 2010) (citations and quotations omitted). And, "[i]n addition to identifying conduct attributable to the municipality, a plaintiff alleging municipal liability under § 1983 must show that the [] municipal action . . . was taken with deliberate indifference to its known or obvious consequences." *Id.* (citations and quotations omitted). Also, "[m]unicipal liability from a single action or decision may only be deemed representative of the municipality if the acting official [is] imbued with *final* policymaking authority." *Id.* at 1264 (citations and quotations omitted) (emphasis in original).

Here, Ms. Gibson has not alleged—either specifically or with facts from which the court may infer such intention—any Board policy, custom, or practice. So the court must analyze whether she has sufficiently attributed to the Board an action of one of its agents or officials.

Ms. Gibson alleges acts taken by only three presumed agents of the Board: (1) the janitor who gave his keys to the resource room to Officer Polk; (2) the high school principal who called an ambulance for Adam; and (3) unnamed teachers

who posted negative comments about Adam on social media. None of these actions come close to actions taken by "official[s] fairly deemed to represent government policy," "taken with deliberate indifference to [their] known or obvious consequences," or by an official "imbued with final policymaking authority" in violation of any of Adam's constitutional rights. *See Doe*, 604 F.3d at 1263–64.

The court cannot fill the Board-sized hole in Ms. Gibson's amended complaint with speculation. She alleges no Board policy, custom, or practice, and alleges only innocuous and/or vague actions taken by three presumed agents of the Board. So she has failed to plead facts showing a plausible claim for relief against the Board under § 1983.

## IV. CONCLUSION

By separate order, the court will **GRANT** the Board's motion to dismiss. Accordingly, the court will **DISMISS WITHOUT PREJUDICE** all claims against the Board. To the extent that "Birmingham City Schools" is a separate defendant, the court will **DISMISS WITH PREJUDICE** all claims against that named party.

**DONE** and **ORDERED** this 25th day of February, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE